FILED

2016 May-31  PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

Inmate Identification Number: _____

*LARRY EARL RENO #112580*

(Enter above the full name of the plaintiff
in this action)

---

> **NOTICE TO FILING PARTY**
>
> *It is your responsibility to
> notify the clerk in writing of any
> address change.*
>
> *Failure to notify the clerk may
> result in dismissal of your case
> without further notice.*

---

vs.

*LUTHER STRANGE, ATTORNEY GENERAL*

*FOR THE STATE OF ALABAMA*

*BART HARMON, ASST. ATTORNEY GENERAL*

*FOR THE STATE OF ALABAMA*

(Enter above full name(s) of the defendant(s)
in this action)

CV-16-HS-0890-W

I.   Previous lawsuits

    A.   Have you begun other lawsuits in state or federal court(s) dealing with the
same facts involved in this action or otherwise relating to your imprisonment?
Yes ( X )        No (   )

    B.   If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more
than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the
same outline.)

        1.   Parties to this previous lawsuit:

        Plaintiff:   *LARRY EARL RENO #112580*

        Defendant(s): *LUTHER STRANGE, ATTORNEY GENERAL, STATE OF
ALABAMA – BART HARMON, ASST. ATTORNEY GENERAL*

2.    Court (if Federal Court, name the district; if State Court, name the county)

_UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ALABAMA_

3.    Docket number _7: 12-cv-02534- RBP-JEO_

4.    Name of judge to whom case was assigned _JOHN E. OTT, UNITED STATES_

_MAGISTRATE JUDGE - ROBERT B. PROAST, UNITED STATES DISTRICT JUDGE._

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _CASE DISMISSED FOR FAILING TO STATE A CLAIM UPON_

_WHICH RELIEF MAY BE GRANTED, PURSUANT TO 28 U.S.C. § 1915 A(b)_

6.    Approximate date of filing lawsuit _July 24, 2012_

7.    Approximate date of disposition _MARCH 27, 2013_

II.    Place of present confinement _BIBB COUNTY CORRECTIONAL FACILITY_

A.    Is there a prisoner grievance procedure in this institution?
Yes (  )          No ( X )

B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?          Yes (  )          No ( X )

C.    If your answer is YES:

1.    What steps did you take? _____

2.    What was the result? _____

D.    If your answer is NO, explain why not: _NOT APPLICABLE_

3

III. Parties.

In item (A) below, place your name in the first blank and place your present address in the second blank.

A. Name of Plaintiff(s)  *LARRY EARL REND #112580*

Address  *565 BIBB LANE - BIBB CO. CORRECTIONAL FACILITY*

*BRENT, ALABAMA 35034*

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B. Defendant  *LUTHER STRANGE*

Is employed as *STATE ATTORNEY GENERAL*

at *OFFICE OF ATTORNEY GENERAL, 501 WASHINGTON AVE., MONTGOMERY, ALA.*

C. Additional Defendants *BART HARMON, ASST. ATTORNEY GENERAL,*

*OFFICE OF ATTORNEY GENERAL, 501 WASHINGTON AVE., MONTGOMERY, ALA. 36130*

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

*\* PLEASE SEE COMPLAINT ATTACHED HERETO.*

*PLAINTIFF DOES NOT KNOW ANY OTHER WAY TO GIVE*

*THIS COURT AN ADEQUATE OR CLEAR UNDERSTANDING*

*OF HIS CLAIMS.*

V.   RELIEF

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statues.

SEE Complaint Attached Hereto

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _MAY 26, 2016_ .

_Larry E. Rome_
SIGNATURE

ADDRESS  _565 Bibb Lane_

_Brent, Alabama 35034_

AIS #  _112580_

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

LARRY EARL RENO

    PLAINTIFF,

                        COMPLAINT

    VS.                  CIVIL ACTION NO. _____

LUTHER STRANGE, ATTORNEY

GENERAL, STATE OF ALABAMA,

BART HARMON, ASSISTANT

ATTORNEY GENERAL,

        DEFENDANTS.

## JURISDICTION AND VENUE

1) THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a) (3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFFS CLAIMS FOR INJUNCTION RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2) DEFENDANT LUTHER STRANGE IS THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, AND IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THE OFFICE OF ATTORNEY GENERAL.

3) DEFENDANT BART HARMON IS THE ASSISTANT ATTORNEY GENERAL AND IS LEGALLY RESPONSIBLE FOR HIS ACTIONS AS AN ADVOCATE OF THE STATE.

4) EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

FACTS IN CHRONOLOGICAL ORDER

5) FEBRUARY 22, 2011 — DEFENDANT STRANGE THROUGH ASSISTANT ATTORNEY GENERAL BENJAMIN ALBRITTON RESPONDED TO A PETITION FILED IN JEFFERSON COUNTY CIRCUIT COURT, AND FILED A MOTION [EX. A ENCLOSED]. THE MOTION STATED IN PART (PG. #2,3 at #6) ... "BECAUSE THE CLAIMS, "IF" THEY HAD BEEN PRESENTED IN A RULE 32 PETITION, WOULD BE PROCEDURALLY BARRED AS STEMMING FROM AN UNTIMELY PETITION". CASE NO. CV-2010-2301

6) JUNE 24, 2011 — PLAINTIFF FILED A PETITION FOR WRIT OF HABEAS CORPUS IN BIBB COUNTY CIRCUIT COURT, THE PROPER COURT OF JURISDICTION, AND IN COMPLIANCE WITH THE APPLICABLE LAWS AND RULES GOVERNING THE FILINGS ...
PURSUANT TO THE CODE OF ALA. 1975, TITLE 15.
CASE NO. CV-11-35.

"HABEAS CORPUS WAS "THE ONLY" AVAILABLE PROCEDURE PLAINTIFF HAD TO CHALLENGE THE LEGALITY OF HIS DETENTION AND IMPRISONMENT." RULE 32 PETITION WAS PREVIOUSLY "REJECTED" BY THE STATE AS TIME-BARRED.

7) JULY 21, 2011 — BIBB CIRCUIT COURT ISSUED AN ORDER [EX. B] WHICH STATED... "THE RECORD INDICATES THIS MATTER INVOLVES A PETITION FOR HABEAS CORPUS RELIEF AGAINST THE ALABAMA DEPT. OF CORRECTIONS" AND HABEAS PETITION WAS ORDERED TRANSFERRED TO MONTGOMERY COUNTY CIRCUIT COURT.
"PETITION WAS CONFIRMED AS HABEAS PETITION BY THE ORIGINAL COURT OF JURISDICTION."

8) AUGUST 9, 2011 — MONTGOMERY CIRCUIT COURT ISSUED AN ORDER [EX. C] SETTING THE CASE FOR HEARING ON OCTOBER 19, 2011.
CASE NO. CV-11-907

9) OCTOBER 17, 2011 - DEFENDANTS STRANGE AND HARMON, WHILE IN THEIR OFFICIAL CAPACITY AS ADVOCATES OF THE STATE, AND WHILE UNDER THE COLOR OF STATE LAW, FILED A MOTION IN THE MONTGOMERY CIRCUIT COURT TO DISMISS HABEAS PETITION, OR IN THE ALTERNATIVE, "CONVERT TO A RULE 32 PETITION" AND TRANSFER TO JEFFERSON COUNTY CIRCUIT COURT [EX. D].

10) OCTOBER 27, 2011 - MONTGOMERY CIRCUIT COURT GRANTED THE STATES MOTION AND CONVERTED HABEAS PETITION TO AN "IMPROPER" TIME-BARRED RULE 32 PETITION [EX. E] THAT THE STATE HAD PREVIOUSLY "REJECTED" AS TIME-BARRED.

11) JUNE 2012 - JEFFERSON CO. CIRCUIT COURT DISMISSED RULE 32 PETITION AS TIME BARRED [EX. S F-G]. "PRE-DETERMINED" BY THE STATE ON FEBRUARY 27, 2011. CASE NO. CC-08-376.60

## LEGAL CLAIMS

12) UNDER SECTION 2254(C) OF HABEAS CORPUS PROCEEDINGS, A PETITIONER HAS THE RIGHT UNDER THE LAWS OF THE STATE TO RAISE, BY ANY AVAILABLE PROCEDURE, THE QUESTION PRESENTED.

13) Prisoners have a fundamental Constitutional Right to use the Court-System, and this Right is based on the 1st, 5th, and 14th Amendments to the U.S. Constitution. "This Right allows the Right to file a Habeas Petition."

14) February 2011 "Ex.A" — State Rejects Rule 32 Petition as time-barred.
October 2011 "Ex.S D-E" Habeas Petition is converted to a time-barred Petition.

15) The Defendants Actions show a fundamentally unfair or improper event. It is an instance of plain or fundamental error by Defendants that violates plaintiffs 1st, 5th, and 14th Amendments to the U.S. Constitution that guarantees the Right to "Access the Courts."

16) When Habeas Petition was converted to a time-barred Petition, plaintiff was deprived of his Right to Habeas Corpus Proceedings, and was deprived of his Right to a fact finding evidentiary hearing necessary to prove and establish the facts of his claims of illegal detention and imprisonment. It is a violation of plaintiffs Due Process Rights, 14th Amendment, that guarantees "Equal Protection of the Law".

17) THE PLAIN OR FUNDAMENTAL ERRORS OF DEFENDANTS STRANGE And HARMON "CAUSED" THE CIRCUIT COURT OF MONTGOMERY CO. TO CONVERT HABEAS PETITION TO AN IMPROPER, TIME-BARRED PETITION, WHICH IN TURN "CAUSED" THE DEPRIVATION OF PLAINTIFFS RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION.

18) PLAINTIFF WAS ENTITLED TO A HEARING ON HABEAS CORPUS IN OCTOBER 2011 (SEE EX. C). PLAINTIFF WAS DEPRIVED OF HIS RIGHTS BY THE FUNDAMENTALLY UNFAIR ERRORS BY THE DEFENDANTS THAT CAUSED THE VIOLATIONS OF PLAINTIFFS RIGHTS UNDER THE CONSTITUTION And LAWS OF THE UNITED STATES.

19) THE VIOLATIONS OF PLAINTIFFS 1st, 5th, And 14th AMENDMENTS CAUSED SUBSTANTIAL INJURY TO THIS PLAINTIFF, And THIS INJURY IS CONTINIOUS And ONGOING.

20) SINCE BECOMING AWARE OF RELEVANT FACTS PERTAINING TO THE LEGALITY OF PLAINTIFFS DETENTION And IMPRISONMENT IN JUNE OF 2010, PLAINTIFF HAS DILIGENTLY PURSUED HIS RIGHTS TO HAVE HIS CLAIMS HEARD IN STATE And FEDERAL COURT.

21) AFTER MORE THAN 5 YEARS OF DILIGENTLY PURSUING THIS MATTER, NO COURT OF LAW HAS REACHED THE MERITS OF PLAINTIFFS CLAIMS... NO COURT OF LAW HAS ANSWERED PLAINTIFFS FEDERAL QUESTIONS OF THE LEGALITY OF DETENTION And IMPRISONMENT.

22) THE VIOLATIONS OF PLAINTIFFS CONSTITUTIONAL RIGHTS CAUSED By DEFENDANTS, IN THEIR OFFICIAL CAPACITY And WHILE UNDER THE COLOR OF STATE LAW HAS CAUSED PLAINTIFF TO SUFFER IRREPARABLE HARM And THIS HARM IS CONTINOUS And ONGOING.

23) THE PLAINTIFF HAS NO PLAIN, ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN And WILL CONTINUE TO BE IRREPARABLY INJURED By THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY And INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

PRAYER FOR RELIEF

24) WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT
THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF:

25) A DECLARATION THAT THE ACTS AND OMISSIONS
DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER
THE CONSTITUTION AND LAWS OF THE UNITED STATES.

26) A PRELIMINARY AND PERMANENT INJUNCTION ORDERING
DEFENDANTS LUTHER STRANGE, ATTORNEY GENERAL, STATE
OF ALABAMA, AND BART HARMON, ASSISTANT ATTORNEY
GENERAL TO CORRECT THE CONSTITUTIONAL VIOLATIONS
CAUSED BY THE PLAIN OR FUNDAMENTALLY UNFAIR ERRORS OF
THE DEFENDANTS WHICH CAUSED THE DEPRIVATION OF
PLAINTIFFS RIGHTS OF ACCESS TO THE COURTS...
THE DEPRIVATION OF PLAINTIFFS RIGHT TO HABEAS CORPUS
PROCEEDINGS, WHICH DEPRIVED PLAINTIFF OF HIS RIGHT
TO A FACT FINDING EVIDENTIARY HEARING NECESSARY
TO PROVE AND ESTABLISH HES CLAIMS OF ILLEGAL
DETENTION AND IMPRISONMENT, AND TO FURTHER ORDER
THAT PLAINTIFF IS ENTITLED TO HABEAS CORPUS
PROCEEDINGS.

27) ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST,
PROPER AND EQUITABLE.

DATED: MAY 26, 2016

RESPECTFULLY SUBMITTED;

SIGNATURE: Larry E. Reno

LARRY EARL RENO #112580

565 BIBB LANE

BRENT, ALABAMA 35034

I, LARRY EARL RENO #112580 HEREBY CERTIFY
UNDER PENALTY OF PERJURY THAT ALL THE FOREGOING
IS TRUE AND CORRECT.

EXECUTED ON THIS THE 26 DAY OF MAY 2016.

SIGNATURE: Larry E. Reno

LARRY EARL RENO #112580

565 BIBB LANE

BRENT, ALA. 35034

REC. 2-24-11

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**LARRY EARL RENO, AIS# 112580** )

    **Petitioner,** )

)

"EX. A"

**v.** )  **CASE NO. CV-2010-2301**

)

**CHRIS SHARIT, DAVID M.** )
**BARBER, et al.** )

)

    **Respondents.** )

## MOTION TO DISMISS

Comes now the Respondent, David M. Barber, former Jefferson County District Attorney, by and through undersigned counsel, Assistant Attorney General Benjamin H. Albritton, and hereby moves to dismiss the August 19, 2010 pleading styled "*Pursuant to The Code of Ala. 1975 Title 15 'PLAINTIFF PETITION FOR THE ISSUANCE OF WRIT OF HABEAS CORPUS' § 15-21-24 through § 15-21-34" filed by Larry Earl Reno. While styled as a petition for a writ of habeas corpus, the petition actually seeks post-conviction relief pursuant to Ala.R.Crim.P. Rule 32, and is due to be dismissed. Grounds for dismissal, are set forth below.

1.    The Petition fails to state a claim upon which the relief sought can be granted.

2.    Larry Earl Reno was convicted of the offense of robbery 1st on June 10, 2008. Upon information and belief of the undersigned, this conviction was never appealed and the petitioner never sought post conviction relief.

3.    In the petition before this Court, ostensibly styled as a Petition For Writ Of Habeas Corpus, Reno argues that his conviction and resulting sentence are void due to an alleged error regarding his (indictment) and, for this reason, asks this Court to order that he be immediately released from prison.

*NOTHING IS EVER ALLEGED REGARD-LE AS ERROR OF INDICTMENT.*

1

4.     Regardless of its style, Reno's "*Pursuant to The Code of Ala. 1975 Title 15 'PLAINTIFF PETITION FOR THE ISSUANCE OF WRIT OF HABEAS CORPUS' § 15-21-24 through § 15-21-34" seeks post-conviction relief under Ala.R.Crim.P. Rule 32 and is due to be dismissed.

5.     It is clear that, regardless of the style given it by Reno, the substance of Reno's petition seeks relief under Ala.R.Crim.P. Rule 32, and asserts nonjurisdictional claims that could have been raised at trial or on appeal. "'The substance of a motion and not its style determines what kind of motion it is.'" *Boykin v. Law*, No. 1041058, 2006 WL 307826, at *5 (Ala. Feb. 10, 2006). Reno cannot proceed in this manner. ("A habeas corpus petition cannot be used as a substitute for an appeal.") *Brooks v. State*, 615 So. 2d 1292, 1292 (Ala. Crim. App. 1993). "A petition for a writ of habeas corpus cannot be used to circumvent the requirements of Rule 32." *Salter v. State*, 606 So. 2d 209, 211 (Ala. Crim. App. 1992), *cert. denied*, No. 1911735 (Ala. Oct. 23, 1992) (emphasis in original). "A proceeding under...[Rule 32] displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule." *Ala.R.Crim.P.* Rule 32.4. That the petition is, in actuality, a Rule 32 petition, rather than a petition filed under *Alabama Code* (1975) §§ 15-21-4 and 15-21-6, is supported by the fact that Reno has filed this petition, in this Court -- the court of his conviction -- rather than the county in which he is incarcerated, Bibb County. *See, e.g., Roberts v. State*, 516 So. 2d 936, 937 (Ala. Crim. App. 1987) (dismissing unverified habeas petition under § 15-21-4); *State v. Corley*, 831 So. 2d 59, 60 (Ala. Crim. App. 2001) (proper venue for habeas petition under § 15-21-6 was county where petitioner was incarcerated).

6.     Accordingly, this Court need not even address the plain lack of merit of Reno's claims. Rather, the petition itself should be dismissed, because the claims, if they had been

2

presented in a Rule 32 petition, would be procedurally barred as stemming from an untimely, successive petition, and because they could have been raised at trial or on direct appeal. *Ala.R.Crim.P.* Rule 32.2 (a)(3),(5), (b), (c). *See also Ex parte State (v. Lockett)*, 644 So. 2d 34 (Ala. 1994) (after the Court of Criminal Appeals directed trial court to return mistyled "habeas corpus" petition to defendant for resubmission as a Rule 32 petition, the Alabama Supreme reversed that judgment: "The claims raised in Lockett's petition for a writ of habeas corpus could have been raised on direct appeal; therefore those claims are clearly precluded under Rule 32, A.R.Crim.P., and the trial court did not err in summarily dismissing the petition. Because Lockett's claims are clearly precluded under Rule 32, there is no need to remand for an opportunity to file a proper Rule 32 petition.").

      7.     Because the petition before this Court seeks Rule 32 relief, Reno has erroneously named Barber and others as respondents, rather than the State of Alabama alone. Each of these defendants would be entitled to state immunity and, in the cases Barber, prosecutorial immunity, if Reno's petition was somehow construed to seek relief beyond Rule 32. *E.g., Ex parte Carter,* 395 So .2d 65 (Ala. 1980); *Jones v. Benton*, 373 So. 2d 307, 309-310 (Ala. 1979); *Almon v. Gibbs*, 545 So. 2d 18, 20 (Ala. 1989).

## CONCLUSION

      For these reasons, this Court should dismiss Reno's "*Pursuant to The Code of Ala. 1975 Title 15 'PLAINTIFF PETITION FOR THE ISSUANCE OF WRIT OF HABEAS CORPUS' § 15-21-24 through § 15-21-34"

Respectfully submitted,

LUTHER STRANGE
ATTORNEY GENERAL

*/s/ Benjamin H. Albritton*
Benjamin H. Albritton ( ALB008 )
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22nd day of February, 2011, served a copy of the

foregoing by first-class United States Mail, postage prepaid and addressed upon the following:

Larry Earl Reno, AIS# 112580
Bibb Correctional Facility
565 Bibb Lane
Brent, AL 35034

*/s/ Benjamin H. Albritton*
Benjamin H. Albritton
ASSISTANT ATTORNEY GENERAL

## ADDRESS OF COUNSEL:
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
334-242-7300
334-242-2433 (Fax)

4





## IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

RENO LARRY EARL #112580,
Plaintiff,

V.

THOMAS WILLIE, WARDEN,
Defendant.

)
)
)
)
) Case No.: CV-2011-000035.00
)
)
)

### ORDER

UPON A REVIEW OF THE FILE, THE RECORD INDICATES THIS MATTER INVOLVES A PETITION FOR HABEAS CORPUS RELIEF AGAINST THE DEPARTMENT OF CORRECTIONS, AND HAVING CONSIDERED THE SAME, IT IS ORDERED, ADJUDGED AND DECREED THIS CASE IS TRANSFERRED TO THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA.

DONE this 21st day of July, 2011.

/s/ HON. MARVIN W. WIGGINS
CIRCUIT JUDGE

CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RENO LARRY EARL, )
Plaintiff, )
)
V. ) Case No.: CV-2011-000907.00
)
THOMAS WILLIE WARDEN, )
Defendant. )

"$EX.\ C$"

## ORDER

This matter is hereby set Wednesday, October 19, 2011 at 10:00AM in Courtroom 3C of the Montgomery County Courthouse.

DONE this 9th day of August, 2011.

/s/ WILLIAM A. SHASHY
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LARRY EARL RENO, AIS #112580,  )
                                )
     Petitioner,                )
                                )    Case No. CV-2011-907
VS.                           )
                                )
WARDEN WILLIE THOMAS,      )    *EX. D*
                                )
     Respondent.            )

## MOTION TO DISMISS, OR IN THE ALTERNATIVE,
## MOTION TO CONVERT AND TRANSFER

       Comes now the Respondent, by and through undersigned counsel, and moves that this Petition for Writ of Habeas Corpus be denied and dismissed, or in the alternative, converted to a Rule 32 Petition and transferred to Jefferson County Circuit Court based upon the following:

       1.    Petitioner does not state a claim upon which relief can be granted under a writ of habeas corpus. The Petitioner is alleging violations concerning his conviction and/or sentence out of Jefferson County, Alabama, which must be filed according to Rule 32, A. R. Crim. P., not a petition for writ of habeas corpus. There is no relief available to the Petitioner under this complaint.

       WHEREFORE, the premises considered, this Petition for Writ of Habeas Corpus is due to be denied and dismissed, or in the alternative, converted to a Rule 32 Petition and transferred to Jefferson County and that cost be assessed against the Petitioner.

                                        Respectfully submitted,

                                        Luther Strange
                                        Attorney General

Anne A. Hill (ADA054)
General Counsel

/s/ Bart Harmon
Bart Harmon (HAR127)
Assistant Attorney General

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130
(334) 353-4859

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2011, I electronically filed the foregoing with the Clerk of the Court through ALAFILE e-filing system which will send notification of such filing to the following (or by U.S. Mail to the non-electronic participants):

Inmate Larry E. Reno #112580
Bibb Correctional Facility
565 Bibb Lane
Brent, Alabama  35034-4040

/s/ Bart Harmon
Bart Harmon (HAR127)
Assistant Attorney General

2



**AlaFile E-Notice**



"EX. E"

03-CV-2011-000907.00

Judge: WILLIAM A. SHASHY

To:   RENO LARRY EARL (PRO SE)
      AIS #112580
      565 BIBB LANE
      BRENT, AL 35034

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### LARRY EARL RENO #112580 V WILLIE THOMAS WARDEN
### 03-CV-2011-000907.00

A court action was entered in the above case on 10/27/2011 3:58:35 PM

### D001 THOMAS WILLIE WARDEN
### CHANGE OF VENUE/TRANSFER
### [Filer: HARMON BART GREGORY]

Disposition:    GRANTED
Judge:          WAS

Notice Date:    10/27/2011 3:58:35 PM

FLORENCE CAUTHEN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-4950



10/27/2011 3:58 PM
CV-2011-000907.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| RENO LARRY EARL, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.: CV-2011-000907.00 |
| | ) |
| THOMAS WILLIE WARDEN, | ) |
| Defendant. | ) |

## ORDER

MOTION FOR CHANGE OF VENUE/TRANSFER filed by THOMAS WILLIE WARDEN is hereby GRANTED and Transferred to Circuit Court of Jefferson County, Alabama.

DONE this 27th day of October, 2011.

/s/ WILLIAM A. SHASHY
CIRCUIT JUDGE



ELECTRONICALLY FILED
6/18/2012 1:36 PM
CC-2008-000376.60
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT
JEFFERSON COUNTY, ALABAMA
CRIMINAL DIVISION

| | | |
|---|---|---|
| LARRY EARL RENO, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | CASE NO.   CC 2008-376.60 |
| vs. | ) | |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| *Respondent.* | ) | |

*EX. F*

## MOTION TO DISMISS RULE 32 PETITION

COMES NOW the State of Alabama, by and through Brandon Falls, District Attorney for the Tenth Judicial Circuit, Jefferson County, Alabama and says in response to the petition heretofore filed the following:

1. Respondent respectfully requests this Honorable Court take judicial notice of its own records in the above referenced case.

2. The State of Alabama denies each and every allegation in Petitioner's motion jointly and severally and demands strict proof thereof.

3. Petitioner was convicted of Robbery First Degree on June 10, 2008 and sentenced to 85 years in prison on August 1, 2008. No appeal was filed. Petitioner is precluded from relief by operation of law because more than two years have elapsed since the time the conviction became final.  Rule 32.2(c), Alabama Rules of Criminal Procedure.

4. Petitioner originally filed his petition in the Bibb County Circuit Court as a habeas corpus petition which was subsequently transferred to the Circuit Court of

1

Jefferson County. Because the relief requested can only be obtained through a Rule 32 petition, the State was directed to treat it as a Rule 32 petition and respond accordingly.

5. Petitioner is precluded from relief by operation of law as his claim could have been raised at trial. Rule 32.2(a)(3), Alabama Rules of Criminal Procedure.

6. Without waiving the aforementioned procedural bars, Respondent denies Petitioner's claim that the arrest warrant issued against him was fatally defective in that it is based on the affiant's opinion or conclusion and fails to state facts tending to establish the commission of the offense or probable cause that he committed the offense.

Petitioner's challenge to the validity of the arrest warrant is a non-jurisdictional claim and is precluded by the procedural bars of Rule 32.2(c), Alabama Rules of Criminal Procedure. Sumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998). This claim is also precluded because it could have been, but was not, raised at trial. Scroggins v. State, 827 So. 2d 878 (Ala.Crim.App. 2001). Furthermore, Petitioner's claim that the arrest warrant does not state sufficient facts to establish the commission of an offense is false. The arrest warrant (attached as an exhibit to Petitioner's motion) clearly states that the Petitioner committed a theft of $8,048.00 from Compass Bankshares, Inc. while armed with a deadly weapon, to-wit: a pistol.

7. Respondent avers that no material issue of law or fact exists which would entitle the Petitioner to relief under Rule 32, and that no purpose would be served by any further proceedings. Rule 32.7, Alabama Rules of Criminal Procedure.

**WHEREFORE, PREMISES CONSIDERED**, and in consideration of Rule 32.7(d), ALA.R.CRIM.P., Respondent, the State of Alabama, respectfully moves this

2

Honorable Court to dismiss the above styled petition without an evidentiary hearing.

Respectfully submitted this the 18th day of June 2012.

*s/ F. Brady Rigdon*

F. Brady Rigdon
Deputy District Attorney

Office of the District Attorney
801 R. Arrington Blvd. No.
Birmingham, AL 35203
PHONE: (205) 325-5252
FACSIMILE: (205) 325-5266

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing via

electronic filing or by placing same in the U. S. Mail, postage prepaid on the 18th day of

June 2012 as follows:

Larry Earl Reno
AIS# 112580 E3-21A
Bibb County Correctional Facility
565 Bibb Lane
Brent, AL 35034

*s/ F. Brady Rigdon*

F. Brady Rigdon
Deputy District Attorney

ELECTRONICALLY FILED
6/28/2012 12:42 PM
CC-2008-000376.60
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

STATE OF ALABAMA     )
           )
V.         ) Case No.:  CC-2008-000376.60
           )
RENO LARRY     )
Defendant.      )    "EX. G"

### ORDER

Petitioner was convicted of Robbery First Degree on June 10, 2008 and sentenced to 85 years in

prison on August 1, 2008. No appeal was filed. Petitioner is precluded from relief by operation

of law because more than two years have elapsed since the time the conviction became final.

Rule 32.2(c), Alabama Rules of Criminal Procedure.

Petitioner originally filed his petition in the Bibb County Circuit Court as a habeas corpus

petition which was subsequently transferred to the Circuit Court of Jefferson County. Because

the relief requested can only be obtained through a Rule 32 petition, the State was directed to

treat it as a Rule 32 petition and respond accordingly.

Petitioner is precluded from relief by operation of law as his claim could have been raised

at trial. Rule 32.2(a)(3), Alabama Rules of Criminal Procedure.

Petitioner's claim that the arrest warrant issued against him was fatally defective in that it

is based on the affiant's opinion or conclusion and fails to state facts tending to establish the

commission of the offense or probable cause that he committed the offense.

Petitioner's challenge to the validity of the arrest warrant is a non-jurisdictional claim and

is precluded by the procedural bars of Rule 32.2(c), Alabama Rules of Criminal Procedure. Sumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998). This claim is also precluded because it could have been, but was not, raised at trial. Scroggins v. State, 827 So. 2d 878 (Ala.Crim.App. 2001). Furthermore, Petitioner's claim that the arrest warrant does not state sufficient facts to establish the commission of an offense is false. The arrest warrant (attached as an exhibit to Petitioner's motion) clearly states that the Petitioner committed a theft of $8,048.00 from Compass Bankshares, Inc. while armed with a deadly weapon, to-wit: a pistol.

There are no material issue's of law or fact  which would entitle the Petitioner to relief under Rule 32, and that no purpose would be served by any further proceedings. Rule 32.7, Alabama Rules of Criminal Procedure.

**WHEREFORE, PREMISES CONSIDERED,** and in consideration of Rule 32.7(d), Ala.R.Crim.P., The State of Alabama's Motion to dismiss is granted with costs taxed to Petitioner.

**DONE** this 28th day of June, 2012.

/s/ TOMMY NAIL
CIRCUIT JUDGE