# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **LARRY EARL RENO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:16-CV-00890-VEH-JEO** |
| | ) | |
| **LUTHER STRANGE, Attorney** | ) | |
| **General for the State of Alabama,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This is a *pro se* prisoner case brought pursuant to 42 U.S.C. § 1983. (Doc. 1). The plaintiff is currently incarcerated at Bibb Correctional Facility in Brent, Alabama. (*Id*. at 2).[1] The plaintiff names as defendants Luther Strange, Attorney General for the State of Alabama and Bart Harmon, Assistant Attorney General for the State of Alabama. (*Id*. at 2). He seeks monetary and injunctive relief. (Doc. 8 at 13-14).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the amended complaint was referred to a magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136

---

[1] All page numbers reference the number assigned by the court's cm/ecf numbering system, unless otherwise noted.

(1991). In accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, the magistrate judge screened the plaintiff's amended complaint and, on September 20, 2016, *sua sponte* recommended dismissal of the complaint with prejudice as barred by *res judicata*. (R&R, Doc. 1 at 7). On October 3, 2016, the plaintiff filed objections to that Report and Recommendation. (Doc. 12) ("Objection").

## DISTRICT COURT REVIEW OF REPORT AND RECOMMENDATION

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.1982)).[2]  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

made." *Id.*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[3]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See, e.g.,* *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the

---

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## ANALYSIS OF PLAINTIFF'S OBJECTIONS TO THE R&R

## I.   <u>Failure To Comply With Rule 8(d).</u>

Plaintiff objects that the R&R violated Federal Rule of Civil Procedure

8(d).[4] However, the Magistrate Judge never referenced any portion of Rule 8 or any concept related to Rule 8 in his R&R.[5] Any objection based on Rule 8 or any portion of Rule 8 accordingly is due to be **OVERRULED**.

Plaintiff's objections seem to be that the magistrate judge was required to obtain evidence and, because he did not do so, the allegations in his complaint were uncontested and therefore established the cause of action alleged by Plaintiff. Rule 8(d) of the Federal Rules of Civil Procedure does not support this contention. Otherwise, his "failure to obtain evidence" objection is dealt with more specifically below.

## II.   Failure To Obtain Evidence To Controvert Plaintiff's Allegations.

Plaintiff, throughout his Objection, references Rule 12(b)(6) and complains

---

[4] *See* doc. 12 at 2 ¶6; 3 ¶8; and 8 ¶14.

[5] Rule 8. General Rules of Pleading
*** 
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

(FED. R. CIV. P. 8(d)).

that the Magistrate Judge failed to obtain evidence to controvert the allegations in his complaint.[6] The Magistrate Judge did set out the legal standard that "a complaint may be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."(Doc. 11 at 2).

However, the Magistrate Judge did not fail to credit the allegations by Plaintiff in his complaint. Rather, the Magistrate Judge considered those allegations, and specifically Plaintiff's admissions therein, and compared the present lawsuit to Plaintiff's prior lawsuit in this district arising out of the same facts against the same Defendants. (Doc. 11 at 3-5). He noted that Plaintiff "again requests monetary damages from the defendants" but that, unlike in the prior case,[7] in the present case Plaintiff also seeks " 'a preliminary and permanent injunction ordering the defendants to correct the constitutional violations' that caused him to be deprived of his right to access the court and his 'right to habeas corpus proceedings.' He desires the court 'to further order' that he 'is entitled to habeas

---

[6] *See* doc. 12 at 2 ¶6; 3 ¶8; 6 ¶13; and 8 ¶¶14, 15 (referencing Rule 12(b)(6)). *See also id*. at 3 ¶7 and 6 ¶13 (referencing 18 U.S.C. § 1915A(b)(1)).

[7] Styled *Larry Earl Reno v. Attorney General Luther Strange, and Assistant Attorney General Bart Harmon*, Case no. 7:12-cv-02534-RBP-JEO ("*Reno I*").

corpus proceedings.' " (Doc. 11 at 5). After considering the present complaint and taking judicial notice of the pleadings in *Reno I*, the Magistrate Judge found that Plaintiff's present lawsuit is barred by *res judicata* and recommended dismissal with prejudice. (Doc. 11 at 6-7).

## III.   <u>The Conclusion That This Action Is Barred by Res Judicata.</u>

The Plaintiff clearly disagrees that this present action is barred by *res judicata*.[8] However, the undersigned has reviewed the pleadings in this case and in *Reno I* and concludes that this action is barred by *res judicata*. Although Plaintiff contests the finding of the R&R that the final judgment in *Reno I* was "on the merits," the undersigned agrees that it was.

This case is "on all fours" with the case decided by the Eleventh Circuit in *Harmon v. Webster*, 263 F. App'x 844, 845 (11th Cir. 2008)(unpublished). As that court explained,

> [Harmon] was a ... prisoner ... who appealed the district court's dismissal of his 42 U.S.C. § 1983 complaint against three judges of the Florida First District Court of Appeals and a prosecutor with the Florida State Attorney General's Office (collectively the "Defendants") for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The district court concluded that Harmon's complaint was barred by res judicata, and directed that the dismissal be classified as a second "strike" for purposes of 28

---

[8] *See* doc. 12 at 3 ¶ ; 4 ¶10; 8 ¶15; 9 ¶17; and 11 ¶19 (asserting that no court has made a determination on the merits of Plaintiff's allegations).

U.S.C. § 1915(g). No reversible error has been shown; we affirm.

*Harmon v. Webster*, 263 F. App'x at 845.

*Harmon* was an unpublished and therefore non-binding decision. However, the cases upon which the *Harmon* court relied are binding authority, and the undersigned is persuaded by the *Harmon* court's application of those cases. For Plaintiff's benefit, the undersigned will set out the relevant portions of the *Harmon* decision below.

> Res judicata will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Jang v. United Tech. Corp.*, 206 F.3d 1147, 1149 (11th Cir.2000) (citation omitted).
>
> Harmon previously filed a section 1983 complaint against the same Defendants alleging the identical claims about their acts in his criminal proceedings as the instant complaint. The district court dismissed this previous complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) because Defendants were entitled to absolute immunity. This prior dismissal satisfies the elements of *res judicata*. A court of competent jurisdiction rendered a final judgment on the merits, and the present complaint raises the same claims against the same parties. *See Jang*, 206 F.3d at 1149; *see also NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir.1990) (a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is an adjudication on the merits for *res judicata* purposes).

*Id*.

Plaintiff's objection to the Magistrate Judge's recommendation that the

undersigned conclude that the present action is barred by *res judicata* is due to be

**OVERRULED**.

## IV. Plaintiff's Objections to Matters not Addressed in the R&R.

Plaintiff raises various other matters in his Objection,[9] but none of those matters were addressed in the R&R and none of them have any impact on this court's review of that R&R. Rather, they are objections to the determinations made in *Reno I* and the dismissal of that complaint. Plaintiff's recourse was to appeal that final judgment, but he did not. He cannot complain about that judgment, or seek to disagree with it, before this court.

All of Plaintiff's objections to matters not addressed herein are matters not material to the R&R in this case (although some of them may have been material to the decision in *Reno I*). Accordingly, they are due to be **OVERRULED**.

## CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the

---

[9] *See* doc. 12 at 3 ¶7; 4 ¶11; and 7 ¶13 (Defendants are not immune from suit); doc. 12 at 4 ¶11 and 5 ¶12 (the PLRA does not apply to "1st Amendment claims 'regardless of the form of relief sought.' "); doc. 12 at 4 ¶11 and 6 ¶13 (Plaintiff's right of access to the court is "absolute and fundamental"); doc. 12 at 7 ¶13 (Plaintiff's claims are not frivolous); doc. 12 at 9 ¶16 and 12 ¶20 (Plaintiff's claims are not time-barred); doc. 12 at 4 ¶11; 5 ¶12; 9 ¶18; and 10-11 ¶19 (Plaintiff has been denied procedural due process); doc. 12 at 10 ¶19 (*Reno I* and R&R violate due process and equal protection); doc. 12 at 12 ¶¶20 and 22 (*Reno I* and prior state court ruling are wrong); doc. 12 at 4 ¶11; 5 ¶12; and 9 ¶18; (First Amendment); doc. 12 at 5 ¶12; 4 ¶11;and 10 ¶19 (equal protection); doc. 12 at 5 ¶12 and 10 ¶19 (Eighth Amendment); and doc. 12 at ¶19 (First, fifth, Eighth, and Fourteenth Amendments).

court file, including the report and recommendation, Plaintiff's objections, and the pleadings in *Reno I*, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED**. Accordingly, this action will be **DISMISSED WITH PREJUDICE** as barred by *res judicata*. The court further finds that this dismissal counts as one of Plaintiff's "three strikes" under 28 U.S.C. § 1915(g). A Final Judgment Order will be entered.

      **DONE** this the 14th day of November, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

10